# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SANDRA K. NORMAN            PLAINTIFF/COUNTER DEFENDANT

VS.            CIVIL ACTION NO.: 4:18-cv-167-SA-JMV

JOHN CROOM            DEFENDANT

DELTA BUS LINE
JOSEPH HOWARD
JOHN BRADFORD            DEFENDANTS/COUNTER CLAIMANTS

## ORDER

This matter is before the court on defendants' motion to seal this case from public view. The motion, which was unaccompanied by a required memorandum, purports also to incorporate by reference another document styled "motion for extraordinary relief" which is not filed separately on the docket, and is, therefore, not properly before the court.

In so far as the motion to seal itself is concerned, defendants have offered no rational, much less factual, basis or legal authority for doing so under the circumstances of this case. Indeed, as noted, the motion is not just unaccompanied by a memorandum, it is contrary to existing authority. For example, the Fifth Circuit has instructed that a district court's "discretion to seal the record of judicial proceedings is to be exercised charily... The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure." *DOUGLAS MENDOZA, ET AL. v. DOYLE INTERNATIONAL LOUISIANA, LLC, ET AL. Additional Party Names: Barbecue, LLC, Doyle Int'l, Inc., First NBC Bank, Frank Simoncioni, Fred Beebe, Jason Coleman Doyle, John Moak, Steve Gingrich, Sugacane's Blues*, No. CV 17-437-BAJ-EWD, 2019 WL 5391389, at 2 (M.D. La. Oct. 22, 2019).

There exists a general right to inspect and copy judicial records and documents which serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 429, 437–38 (Bankr. S.D. Tex. 2009) (citing *SEC v. Van Waeyenberghe,* 990 F.2d 845, 849 (5th Cir. 1993)).[1]

Further, the party seeking sealing of the public record bears the burden of showing good cause for that kind of restriction. Fed. R. Civ. P. 26(c)(1). The burden of proof requires particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998).[2] The movant has not met that burden.

Based on the forgoing and the reasons aptly cited in the response to the motion to seal, the motion is hereby denied.

**SO ORDERED** this, the 6th day of November, 2019.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] L.U. Civ. R. 79(a); *Mangal v. City of Pascagoula, Jackson Cty.*, MS, No. 1:19CV232-LG-RHW, 2019 WL 4060342, at 1 (S.D. Miss. Aug. 28, 2019).

[2] *U.S. ex rel. King v. Solvay S.A.*, 2013 WL 820498, at 2 (S.D. Tex. Mar. 5, 2013); *United States v. Talco Contractors, Inc.*, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."); *Gee v. Women's Health Care Ctr.*, No. MC 18-4793, 2019 WL 2617109, at 4 (E.D. La. June 25, 2019).